IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 15 CR 124 |
| | ) | |
| JOSE CHAGOYA-MORALES | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Jose Chagoya-Morales' (Chagoya-Morales) pretrial motions. For the reasons stated below, the motions are denied.

## BACKGROUND

Chagoya-Morales was indicted and charged with the offense of illegal reentry in violation of U.S.C.§ 1326(a). The one-count indictment alleges that Chagoya-Morales, an alien who previously had been deported and removed from the United States on or about August 7, 2009, was present and found in the United States on or about January 16, 2015 without previously having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication for

1

admission into the United States. On March 17, 2015, Chagoya-Morales was arraigned and pled not guilty to the charge. On April 1, 2015, Chagoya-Morales filed motions in limine and the Government has since responded.

**DISCUSSION**

Chagoya-Morales requests in his motions: (1) that the court order the Government to disclose Grand Jury transcripts, (2) that the court order the Government to produce any favorable, exculpatory, and impeaching evidence, and (3) that the court order the Government to give notice of its intent to use evidence of other crimes, wrongs, and/or bad acts.

I.  Grand Jury Transcripts

Chagoya-Morales requests that the Government disclose all Grand Jury transcripts no later than ninety days prior to trial. The Government indicates that on April 6, 2015 it provided Chagoya-Morales with transcripts of the testimony of all of the witnesses who testified before the Grand Jury in this case. Since the Government has already disclosed the Grand Jury transcripts, the motion is denied as moot.

II.  Favorable, Exculpatory, and Impeaching Evidence

Chagoya-Morales requests that the Government produce any favorable, exculpatory, and impeaching evidence pursuant to the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

Pursuant to *United States v. Bagley*, 473 U.S. 667 (1986), Chagoya-Morales also requests that all such material be produced immediately or no later than forty-five days prior to trial.

The Government has an "obligation to disclose any evidence in its possession that is both material and favorable to a defendant." *See United States v. Roberts*, 534 F.3d 560, 572 (7th Cir. 2008)(stating that "[t]his evidence includes impeachment evidence as well as exculpatory evidence"). The Government indicates that it understands its disclosure obligation under *Brady* and that it has, to date, complied with such obligation. (Ans. 1-2). The Government further indicates that if it becomes aware of any further *Brady* evidence, it will promptly provide such evidence to Chagoya-Morales. (Ans. 2). The Government states that it understands its disclosure obligation under *Giglio* and maintains that it will disclose all such information no later than two weeks prior to trial. (Ans. 2). The Government also represents that this case is not overly complex and anticipates that the trial, in the opinion of the Government, will last no longer than one or two days. (Ans. 2).

The Government is already in compliance with its *Brady* obligations. Further, the Government's proposed disclosure of *Giglio* information two weeks prior to trial is reasonable in light of the nature of the case and will give Chagoya-Morales adequate time to prepare for trial. Therefore, Chagoya-Morales' motion for the production of any favorable, exculpatory, and impeaching evidence forty-five days prior to trial is denied.

III. Crimes, Wrongs, and/or Bad Acts Evidence

Chagoya-Morales requests that the court order the Government to give notice of its intent to use evidence of other crimes, wrongs, and/or bad acts, pursuant to Federal Rule of Evidence 404(b) (Rule 404(b)). Chagoya-Morales requests the court to order production of such Rule 404(b) evidence no later than ninety days prior to trial. Rule 404(b) provides the following:

> b) Crimes, Wrongs, or Other Acts.
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b); *see also United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014)(abandoning "four-part test for evaluating the admissibility of other-act evidence" and adopting "a more straightforward rules-based approach"). The Government indicates that it has already informed Chagoya-Morales that it will provide him with Rule 404(b) notice fourteen days before trial. (Ans. 2). As indicated above, Rule 404(b) requires the Government only to "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial. . . ." Fed. R. Evid. 404(b). Production of such evidence fourteen days prior to trial is more than sufficient to provide reasonable notice to Chagoya-Morales of

4

the Government's intention to use Rule 404(b) evidence, and will allow Chagoya-Morales adequate time to prepare for trial. *See United States v. Berry*, 2011 WL 6960847, at *2 (E.D. Wis. 2011)(finding that notice of intention to use Rule 404(b) evidence "two weeks prior to trial" was sufficient notice to allow the defendant to prepare for trial). Therefore, the motion for production of Rule 404(b) evidence ninety days before trial is denied.

## CONCLUSION

Based on the foregoing analysis, Chagoya-Morales' pretrial motions are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 4, 2015