IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America | ) | Case No: 15 CR 124 |
| v. | ) | |
| | ) | Judge Samuel Der-Yeghiayan |
| Jose Chagoya-Morales | ) | |

## ORDER

Defendant Jose Chagoya-Morales' motion to quash arrest and suppress evidence [17] is denied.

## STATEMENT

This matter is before the court on Defendant Jose Chagoya-Morales' (Chagoya) motion to quash arrest and suppress evidence. Chagoya is charged in the indictment in this case with illegal re-entry into the United States in violation of 8 U.S.C. § 1326(b). Chagoya contends that he was charged with possession of marijuana and arrested after a traffic stop on January 16, 2015. Chagoya now moves to quash the arrest and suppress evidence which resulted from the traffic stop.

Chagoya asserts that absent the traffic stop, the police would not have learned of his immigration status and would not have gathered the evidence necessary to indict him in this case. The Seventh Circuit has already rejected such a legal argument, explaining that "[t]he body or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *United States v. Garcia-Garcia*, 633 F.3d 608, 616 (7th Cir. 2011)(internal quotations omitted)(quoting *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1039–40 (1984)). The Seventh Circuit has made clear that a person "having previously been deported, and not having obtained the consent of the Attorney General" or Secretary of Homeland Security "to return, is a person whose presence in this country, without more, constitutes a crime," and that "[h]is identity may not be suppressed." *Id.* Thus, a judicial inquiry into the facts surrounding the arrest and a determination of what evidence relating to the traffic stop should be suppressed would serve no legitimate purpose and thus would be a waste of judicial resources.

Chagoya also seeks an evidentiary hearing on his motion, arguing that there are disputed facts that need to be resolved relating to the traffic stop and that he is entitled to an evidentiary hearing. A district court is "required to conduct" an "evidentiary hearing[] only when a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of the motion." *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011)(quoting

1

*United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007)). It is the burden of the defendant to "identify[] a definite disputed factual issue," and to "demonstrat[e] its materiality." *Id.* The Government indicates that it is not seeking to introduce evidence in this case relating to the traffic stop. To the extent that Chagoya intends to produce evidence concerning the facts of the traffic stop, Chagoya fails to offer a sufficient explanation as to why such evidence would be material in this case. Chagoya identifies facts that he seeks to show, arguing that the driver of the car he was in was wearing her seatbelt, was not using her cell phone, and was not committing any other traffic offenses when pulled over by police. However, Chagoya has not pointed to any evidence relating to the traffic stop that would contradict the allegations in the indictment that Chagoya is present in the United States illegally after having been deported on a prior occasion. Chagoya is thus not entitled to an evidentiary hearing in this case and has not provided any legitimate reason to quash the arrest or evidence relating to the traffic stop. Finally, the court notes that even if there were not Seventh Circuit precedent on point, the legal position taken by Chagoya is nonsensical. Even if the court were to find that the traffic stop was not lawful and to order Chagoya released, if the allegations in the indictment are true, Chagoya continues to violate the law with every moment that he remains in this country and thus commits a new crime each day he is here. Nothing in the law under the doctrine of the fruit of the poisonous tree would require law enforcement or the courts to turn a blind eye to continuing new violations of the law by Chagoya. If, for example, Chagoya had been found with an illegal firearm during the traffic stop, law enforcement would not return the firearm to him if it turned out that the traffic stop was unlawful. Therefore, the instant motion is denied.

Date: 7/23/15

Samuel Der-Yeghiayan
United States District Court Judge

2